USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit

No. 98-1899

 JULIO DIAZ, RUBEN DIAZ, JEFFREY DUENES, GUILLERMO PLAZA,
 GUILLERMO PLAZA, AMILCAR RODRIGUEZ,
 ANDRE ROSADO AND DALILA SERRANO, ADMINISTRATOR,

 Plaintiffs, Appellants,

 v.

 CITY OF FITCHBURG, EDWARD GALLANT, JR., MARK LOUNEY,
 JOHN O'LEARY, PHILIP KEARNS, JOHN J. MURRAY, DENNIS BANVILLE,
 JOHN MAKI, RONALD L'ECUYER, JAMES F. GILBERT, JAMES GILLIS,
 ERNEST MARTINEAU, GARY OUELLETTE, DAVID DAIGLE, TODD DEACON,
 
 Defendants, Appellees.
 
 
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT
 
 FOR THE DISTRICT OF MASSACHUSETTS
 
 [Hon. Charles B. Swartwood, III, U.S. Magistrate Judge]
 
 
 
 Before
 
 Stahl, Circuit Judge,
 Magill,* Senior Circuit Judge,
 and Lipez, Circuit Judge.
 
 
 
 
 Darragh K. Kasakoff, with whom Darragh K. Kasakoff, was on
brief for appellants.
 Patrick J. Costello, with whom Douglas I. Louison, Regina M.
Gilgun, and Merrick & Louison, were on brief for appellees.

May 14, 1999

_____________________
*Of the Eighth Circuit, sitting by designation. STAHL, Circuit Judge. Plaintiffs Julio Diaz, Ruben Diaz,
Jeffrey Duenes, Guillermo Plaza, Amilcar Rodriguez, and Andre
Rosado brought civil rights and common law claims for damages and
equitable relief against the City of Fitchburg, Massachusetts, and
several officers of the Fitchburg Police Department. They alleged,
inter alia, that their custodial arrest for offending a city
ordinance punishable only by a fine was unconstitutional and/or
contrary to Massachusetts public policy. Plaintiffs appeal from
the district court's sua sponte award of summary judgment to
defendants. We affirm.
 I.
 Because this is an appeal from a grant of summary
judgment to defendants, we recite the facts in the light most
favorable to plaintiffs. See Aponte Matos v. Toledo Davila, 135
F.3d 182, 185 (1st Cir. 1998).
 Since 1993, the City of Fitchburg has had in effect an
ordinance that prohibits obstruction of public passages within the
city ("Ordinance"). See Fitchburg, Mass., Code art. III, 132-34
(1994). A violation of the Ordinance is punishable only by a $300
fine. See id.
 On the evening of October 14, 1993, the Fitchburg Police
Department and its Special Response Team ("SRT") executed a search
warrant at a private residence. The SRT is a special unit of the
police department comprised of officers trained to respond to high-
risk situations. SRT officers dress in black uniforms and hooded
masks which do not bear any identifying insignia. Perhaps because
of the SRT's garb, plaintiffs refer to the team as a "paramilitary"
unit.
 After observing the raid and as they were leaving the
scene following the search, Captain Mark Louney and Sergeant John
O'Leary noticed plaintiffs congregated outside a nearby residence. 
The two officers stopped and ordered the group to move. Plaintiffs
did not comply with this directive. Several minutes later,
apparently with the understanding that plaintiffs were violating
the Ordinance, Captain Louney summoned the SRT, which had returned
to a nearby police station, to arrest plaintiffs. Within minutes
and without a warrant, approximately ten members of the team
arrived in an unmarked van and exited with guns drawn. Plaintiffs
claim that they then were forced to the ground, frisked,
handcuffed, and thrown face down in the van on top of one another. 
Plaintiffs further allege that, en route to the police station,
they were threatened, punched, stepped and spit on, and subjected
to racial insults.
 Plaintiffs were charged with violating the Ordinance,
processed, and jailed until released on bail. Criminal complaints
were filed against them. Complaints against two plaintiffs were
continued without a finding to August 19, 1994, although these two
plaintiffs were ordered to pay $50 in court costs. Complaints
against the remaining plaintiffs were dismissed after the City
failed to comply with a court order to disclose the names of the
SRT members who participated in the arrest.
 On September 9, 1994, plaintiffs filed a complaint in
Massachusetts Superior Court. They asserted claims under 42 U.S.C.
 1983 and a number of pendent state law theories. Defendants
removed the case to federal court on the basis of federal question
jurisdiction. Plaintiffs then filed an amended complaint stating
eight causes of action. Count II of the amended complaint, the
basis of this appeal, sought a declaratory judgment that custodial
arrest for a fine-only ordinance in the absence of exigent
circumstances violates the United States Constitution, the
Massachusetts Constitution, and Massachusetts public policy. 
 Plaintiffs moved for summary judgment with respect to
Count II. The district court referred the motion to Magistrate
Judge Swartwood for a report and recommendation. On September 26,
1997, the magistrate judge recommended that, inter alia,
plaintiffs' motion for summary judgment on Count II be denied. 
Acting sua sponte, he also recommended that summary judgment be
entered for defendants on Count II. On October 24, 1997, the
district court adopted the report and recommendation.
 In December 1997, the parties consented to having
Magistrate Judge Swartwood try the case and enter final judgment. 
See 28 U.S.C. 636(c). Plaintiffs then filed a second amended
complaint, which alleged that the use of a paramilitary unit to
effect a custodial arrest for a fine-only ordinance in the absence
of exigent circumstances is unlawful. Following the amendment to
their complaint, plaintiffs never sought summary judgment or
judgment as a matter of law on this new allegation.
 In April 1998, a jury returned a verdict for defendants
on all counts including, inter alia, excessive force, false arrest,
false imprisonment, and assault and battery. Plaintiffs
subsequently filed a motion for a new trial, which the district
court denied. On June 30, 1998, Magistrate Judge Swartwood entered
final judgment for defendants on all counts.
 II.
 On appeal, plaintiffs advance one preserved argument: in
the absence of exigent circumstances, a custodial arrest for an
offense punishable only by a fine is, as a matter of law, violative
of the Fourth Amendment, Article Fourteen of the Massachusetts
Constitution, and Massachusetts public policy.
A. Fourth Amendment
 Plaintiffs have framed their Fourth Amendment argument in
very broad terms. As we have indicated, plaintiffs ask us to
declare that a custodial arrest made in the absence of "exigent
circumstances" for violation of an ordinance punishable only by a
fine always violates the Fourth Amendment's reasonableness
requirement. Yet plaintiffs have provided us with little basis for
issuing so sweeping a ruling.
 We start with fundamental principles. Where warrantless
arrests for criminal offenses are concerned, the Fourth Amendment
is satisfied if the arresting officer had probable cause and the
arrest was "reasonable" under the totality of the circumstances. 
See Tennessee v. Garner, 471 U.S. 1, 8-9 (1985). In determining
reasonableness, the United States Supreme Court has "consistently
eschewed bright-line rules," and insisted instead on an evaluation
of all of the circumstances of a particular case. Ohio v.
Robinette, 519 U.S. 33, 39 (1996) (holding that the Fourth
Amendment does not inevitably require that a lawfully-seized
defendant be advised of his freedom to leave before his consent to
search will be recognized as voluntary) (citations omitted). 
 This litigation demonstrates why the Supreme Court has
favored the case-by-case approach over bright-line rules. The
Ordinance (the constitutionality of which is not here challenged)
is violated only after the offender has refused a police officer's
order to move along. See supra note 1. In other words, the
Ordinance only comes into play when a person unlawfully obstructing
a highway or other public passage persists in his or her violation. 
Thus, a Fitchburg police officer confronting a person in violation
of the Ordinance has limited options: the officer may either allow
the criminal obstruction to continue (perhaps issuing the offender
a citation, as plaintiff's counsel suggested at oral argument) or
end it by seizing the offender and removing him or her from the
scene of the offense. If the officer always were obligated to
allow the criminal obstruction to continue, he or she would be
unable to satisfy the Ordinance's apparent purpose of assuring
public convenience and safety except in exigent circumstances. 
Plaintiffs, however, have not even attempted to establish the
contours of their proposed "exigent circumstances" exception. If
the concept were understood to encompass only emergency situations,
as it is understood in other contexts, an officer seemingly could
not clear the obstructed passage merely to ensure public
convenience. This strikes us as sufficient reason to reject a per
se rule.
 Of course, there may be circumstances when it would be
unreasonable to subject an offender of a fine-only ordinance to
custodial arrest and interrogation. Indeed, an arrest for
violation of this ordinance may, in some circumstances, be
unreasonable. But as we have just explained, a custodial arrest
for violation of a fine-only ordinance is not inevitably
unreasonable. We therefore reject plaintiffs' Fourth Amendment
claim.
B. State Claims
 Plaintiffs additionally argue that Article Fourteen of
the Massachusetts Constitution and Massachusetts public policy
prohibit custodial arrests for fine-only offenses absent exigent
circumstances. In support of their Article Fourteen claim,
plaintiffs point to Massachusetts cases affording a more expansive
sweep to Article Fourteen than the United States Supreme Court has
given to the Fourth Amendment. They do not, however, direct us to
any on-point Massachusetts authority.
 In any event, we think it sufficient to observe that both
federal courts and Massachusetts courts train their focus on
whether the government has acted in a reasonable manner. See Mass.
Const. part I, art. XIV ("[e]very subject has a right to be secure
from all unreasonable searches, and seizures, of his person, his
houses, his papers, and all his possessions"). And for the very
same reasons that lead us to reject a per se rule under the Fourth
Amendment, see supra at 6-9, we believe that the Massachusetts
Supreme Judicial Court would reject a per se rule under Article
Fourteen. In so ruling, we recognize that, in marginal cases,
there are differences between the manner in which the federal
courts and the Massachusetts courts have assessed constitutional
reasonableness. We simply do not believe that this is a marginal
case.
 With respect to plaintiffs' somewhat cryptic public
policy argument, which appears to be presented as an alternative
basis for plaintiffs' proposed per se rule (in the event we find
plaintiffs' Fourth Amendment and Article Fourteen arguments
unconvincing), we think it sufficient to predict that, for reasons
already stated, the Massachusetts courts would not impose such a
rule absent binding constitutional or statutory authority directing
them to do so. We therefore summarily reject this argument.
 III.
 For the reasons set forth above, we affirm the district
court's judgment in all respects. 
 Affirmed. Costs to appellees.